UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JONES,<br><br>          Plaintiff,<br><br>    v.<br><br>FOX, et al.,<br><br>          Defendants. | No. 2:17-cv-2190-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed two applications to proceed in forma pauperis (ECF Nos. 5, 7), a request for appointment of counsel (ECF No. 6), six motions for injunctive relief (ECF Nos. 20, 21, 22, 24, 30, 31), two motions to amend (ECF Nos. 25, 27), and a request to "add" defendants (ECF No. 29).

**I.    Application to Proceed In Forma Pauperis**

The court has reviewed the second of plaintiff's applications (ECF No. 7, 13) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Plaintiff's other application to proceed in forma pauperis (ECF No. 5) is denied as moot.

/////

1

## II. Appointment of Counsel

Plaintiff requests that the court appoint counsel. ECF No. 6. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**IV.    Screening Order**

In his original complaint (ECF No. 1), plaintiff alleges that after his transfer to California Medical Facility ("CMF"), defendant Haile discontinued the medication and treatment plan that he had followed at his previous institution. ECF No. 1 at 2. Haile allegedly told him that, now that he was at CMF, his treatment plan would "start all over." *Id.* Plaintiff states that he suffers from: (1) high blood pressure; (2) heart disease; (3) asthma; (4) diabetes; (5) seizures; and (6) an unspecified permanent disability within the meaning of the Americans with Disabilities Act. *Id.* at 3. In his requested relief, plaintiff lists various "durable medical equipment supplies" that he seeks, namely: (1) orthopedic shoes; (2) a urinal; (3) a basin; (4) latex gloves; (5) four packs of wipes; (6) egg-crate mattress foam; (7) "w/c gloves"; and (8) a support cushion. *Id.* at 4.
/////

In his amended complaint (ECF No. 23), plaintiff alleges that there is a conspiracy among correctional officers to attack inmates using mobile technology by sending high doses of radiation and electricity to plaintiff's stomach, kidneys, heart, and hands, causing weakness. ECF No. 23 at 8.

The court finds that none of plaintiff's allegations are sufficient to state a viable claim. First, plaintiff's original complaint contains no apparent allegations against defendants Fox, Singson, Villamor. Likewise, the amended complaint contains no specific allegations against defendants McCaine, LaMar, Avalos, or Brown. It is unclear how these defendants allegedly violated plaintiff's rights, if at all.

Second, plaintiff's allegations in the original complaint against Haile are insufficiently detailed. Though he alleges that she altered his treatment plan, he has failed to specify how this change in his care actually harmed his health. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference is established by a purposeful act or failure to respond to a prisoner's pain or medical need and harm caused by the indifference). Plaintiff has also failed to allege that Haile acted with requisite culpability insofar as it is unclear what rationale she had for changing his treatment plan. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of Plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Absent some indication as to what reasons Haile gave for altering plaintiff's treatment plan, it is impossible to determine whether she acted with deliberate indifference or mere negligence.

The court notes that the allegations in the original and amended complaints do not appear sufficiently related to proceed in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits . . ."). **If plaintiff elects to file a second amended complaint, he must choose between his medical claims against Haile and his "mobile technology" claims.**

4

Finally, the court notes that plaintiff has attached various documents to his complaints. The court will not comb these documents and interpret claims from them that have not been explicitly raised in the body of the complaint. Any amended complaint should be drafted with this in mind.

**V.      Leave to Amend**

Plaintiff's complaint is dismissed with leave to amend.[1] If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

---

[1] Plaintiff's motions to amend and to add defendants (ECF No. 25, 27 & 29) are therefore denied as moot. If plaintiff wishes to name additional defendants, he may do so in an amended complaint. Plaintiff is cautioned, however, that he may not change the nature of this suit by alleging new, unrelated claims.

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## VI. Motions for Injunctive Relief

Plaintiff also seeks injunctive relief to: (1) prevent officers from using an "electronic taser device shocker"; (2) be reassigned to a new primary care provider; and (3) "remove surveillance devices." ECF Nos. 20, 21, 22, 30 & 31. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motions must be denied.

## VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED;
2. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is DENIED as moot;
3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ––– U.S. –––– , 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

4. Plaintiff's request for appointment of counsel (ECF No. 6) is DENIED;

5. Plaintiff's complaints (ECF Nos. 1 & 23) are DISMISSED with leave to amend within 30 days of the date this order is served;

6. Plaintiff's motions to amend (ECF No. 25 & 27) are DENIED as moot;

7. Plaintiff's request to add defendants (ECF No. 29) is DENIED as moot; AND

8. Failure to comply with this order may result in dismissal of this action.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 20, 21, 22, 24, 30 & 31) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE